**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

| | |
|---|---|
| In the Matter of the Dependency of<br><br>A.L.C.,<br><br><br>Minor Child. | No. 87018-1-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

MANN, J. — S.M. appeals the termination of her parental rights to A.L.C. She argues that she did not receive adequate notice of the March 2024 termination trial dates. We affirm.

I

A.L.C. was born in May 2020 to parents S.M. and J.M.S.[1] In August 2021, the Department of Children, Youth, and Families (Department) removed A.L.C. from the care of her mother due to concerns of substance abuse that placed A.L.C. at a risk of harm.

In October 2021, the trial court found that A.L.C. was dependent under RCW 13.34.060(6)(c). The court ordered S.M. to engage in services, including mental health

---

[1] The termination trial involved both parents. Because S.M. is the only parent who appeals, we do not discuss J.M.S.'s involvement.

assessments, parenting education, and drug and alcohol evaluations and recommended treatment. Crystal DeLancy, the social worker on the case, met with S.M. and provided service plans and explained the importance of complying with the service plans and court orders. Throughout the dependency, S.M. continued to have chronic substance abuse issues and failed to follow through on treatment. S.M. had supervised visitation with A.L.C. throughout the dependency but there were issues of S.M. missing scheduled visits and her behavior at visits.

In July 2023, the Department petitioned for the termination of the parent-child relationship. The Department served the termination petition and a notice and summons on S.M. by mailing it to her address on July 26, 2023. The notice and summons set an initial termination hearing for September 20, 2023 and stated that S.M. was required to appear at the hearing.

On August 29, 2023, the court assigned S.M. an attorney. At the September hearing, the court found good cause to continue the hearing. S.M. was not present but her attorney signed the order as to form.

The court set the contested termination trial for February 2024. S.M.'s attorney signed this order as to form. Because there was an issue of whether the Indian Child Welfare Act (ICWA) applied, the court continued the termination hearing to March 18, 2024. Again, S.M.'s attorney signed the order as to form.

The termination trial was held on March 18-19, 2024 and April 10, 2024. S.M. did not attend the trial in person or by Zoom. S.M.'s attorney appeared and moved the court to continue the trial because S.M. was not there. The Department opposed,

arguing that S.M. had been absent from the case for the months leading up to the hearing. The court denied a continuance.

The court conducted a fact-finding hearing with testimony from several witnesses. DeLancy testified that she communicated with S.M. during the weeks before trial. DeLancy testified that S.M. was aware of the trial dates and stated that she would be there.

The court determined that termination was in A.L.C.'s best interest. The court reasoned that S.M. was offered several services but failed to meaningful engage in the services. The court granted the termination petition and entered an order terminating S.M.'s parental rights to A.L.C.

S.M. appeals.

II

S.M. argues that the trial court erred when it found that S.M. received adequate notice of the termination trial dates. We disagree.[2]

"The due process clause of the Fourteenth Amendment protects a parent's right to the custody, care, and companionship of her children," which "cannot be abridged without due process of law." In re Welfare of Key, 119 Wn.2d 600, 609, 836 P.2d 200 (1992). Due process requires that parents receive "[n]otice, open testimony, time to prepare and respond to charges, and a meaningful hearing before a competent tribunal in an orderly proceeding." In re Dependency of Moseley, 34 Wn. App. 179, 184, 660

---

[2] Citing RAP 2.5(a), the Department asserts that we should not consider this argument for the first time on appeal. We disagree. In re Dependency of A.M.M., 182 Wn. App. 776, 790 n.8, 332 P.3d 500 (2014) (a claim of a due process right to adequate notice in a termination proceeding may be raised for the first time on appeal).

P.2d 315 (1983).  To ensure proper notice and a meaningful opportunity to be heard, Washington law requires service of the summons and dependency petition.  RCW 13.34.070(1)-(2).  "Upon the filing of the petition, the petitioner shall issue a summons . . . to the parents . . . requiring them to appear personally before the court at the time fixed to hear the petition."  RCW 13.34.070(1).  Lastly, in a parental termination trial, to determine whether the requirements of due process are met, we use the balancing test set out in Mathews v. Eldridge, 424 U.S. 319, 321, 96 S. Ct. 893, 47 L. Ed. 2d 18 (1976): (1) the private interest affected by the proceeding; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of additional or substitute procedural safeguards; and (3) the State's interest.  See In re Dependency of T.R., 108 Wn. App. 149, 154-55, 29 P.3d 1275 (2001).

The parties agree that the first Matthews factor favors S.M. because she has a fundamental interest in her care and custody of A.L.C. because she is the mother.  See In re Dependency of K.D.S., 176 Wn.2d 644, 652, 294 P.3d 695 (2013) ("Parents have a fundamental liberty interest in the custody and care of their children.").  S.M. also concedes that the third factor favors the State because of the Department's strong interest in speedy resolution of termination proceedings.  In re Welfare of D.E., 196 Wn.2d 92, 108, 469 P.3d 1163 (2020) (the State has an interest in assisting children in finding their permanent placements as quickly as possible).

Therefore, our analysis turns on the second Matthews factor, which analyzes "whether the hearing had sufficient procedural safeguards to ensure that the parent had a full and fair opportunity to defend—i.e., to present evidence, rebut opposing evidence, and present legal arguments."  In re Welfare of L.R., 180 Wn. App. 717, 725, 324 P.3d

737 (2014). S.M. argues that this factor weighs in her favor of because she was not present at trial and could not testify in person or challenge the State's evidence. We disagree. S.M. had an attorney present on her behalf who had the opportunity to cross-examine witnesses and represent her interest throughout the proceedings. S.M.'s attorney was also present at the continuance hearings and signed the orders as to form. Additionally, DeLancy testified that she discussed the March trial dates with S.M. S.M. does not present any authority that the Department was required to formally notify her of each continuance after she was served with the petition and summons in July 2023. Because the record establishes that S.M. had notice and the opportunity to be heard and her attorney was present throughout the trial, her due process rights were not violated.

We affirm.

_____Mann, J._____

WE CONCUR:

_____Birk, J._____          _____Coburn, J._____